UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roman N., <br><br> Petitioner, <br><br> v. <br><br> Donald J. Trump, *in his official capacity as President of the United States*; Kristi Noem, *in her capacity as Secretary of the United States Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of the United States Immigration and Customs Enforcement*; Pamela Bondi, *in their official capacity as Attorney General of the United States*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, <br><br> Respondents. | Civ. No. 26-282 (JWB/DLM) <br><br><br> **ORDER** |

**IT IS HEREBY ORDERED** that:

1.  Respondents are directed to file an answer to the petition for a writ of habeas corpus of Roman N. on or before **January 16, 2026 by 12:00pm**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2.  Respondents' answer should include:

    a.  Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the

habeas petition;

      b.      A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims; and

      c.      Respondents' recommendation on whether an evidentiary hearing should be conducted.

      d.      Respondents' answer shall address whether the legal issues presented in this case—regarding the source of detention authority and the lawfulness of continued custody—are materially different from those addressed in *Eliseo A.A. v. Olson*, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025), or *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025), and if so, explain how.

3.      If Petitioner intends to file a reply to Respondent's answer, Petitioner must do so on or before **January 20, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by court order.

**IT IS FURTHER ORDERED** that:

1.      Petitioner's request to enjoin Respondents from moving Petitioner outside of the District of Minnesota is granted. This Court finds that the four *Dataphase* factors weigh in Petitioner's favor based on the allegations in the Petition. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (stating the four factors weighed are the likelihood of success on the merits, the threat of irreparable harm, the balance of harms, and the public interest).

2.      Respondents—along with their officers, agents, employees, and all persons

acting in concert with them—shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of the United States District Court for the District of Minnesota pending further order of this Court.

3. No security is required under Federal Rule of Civil Procedure 65(c). The request seeks only to prevent ongoing statutory and constitutional violations; Petitioner is detained and unable to post a bond; and the relief ordered here—maintaining the status quo—presents no apparent risk of monetary loss to the Government.

4. This injunctive Order shall remain in effect for 14 days from the date of entry, unless extended by further court order under Federal Rule of Civil Procedure 65(b)(2).

Date: January 14, 2026          *s/ Jerry W. Blackwell*
Time: 3:35 p.m.                 JERRY W. BLACKWELL
                                United States District Judge